# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

## CRIMINAL CASE NO. 1:08cr25

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| CARROL LEE OWENS. | ) | |

**THIS MATTER** is before the Court on the Defendant's Motion to Modify an Imposed Term of Imprisonment [Doc. 81] and Motion to Correct Error [Doc. 82].

On April 25, 2008, the Defendant was charged in a five count Bill of Indictment with breaking into vehicles located within the Pisgah National Forest, stealing five financial cards and a driver's license, and using and attempting to use the stolen credit cards, in violation of 18 U.S.C. §§371, 661, 1028A, 1344, 1363 & 2. [Doc. 13]. He entered into a plea agreement with the Government pursuant to which he agreed to plead guilty to two counts: bank fraud, in violation of 18 U.S.C. §1344, and aggravated identity theft, in violation of 18 U.S.C. §1028A. [Doc. 19]. During his Rule 11 hearing, he acknowledged and admitted that he stole a credit card owned by an individual

with initials of A.F. which he presented to obtain goods from Wal-Mart. [Doc. 66 at 13-14]. He also admitted that he used this individual's name and credit card to commit bank fraud and also admitted that he used the name and credit card stolen from another individual to defraud Wal-Mart. [Id. at 16-18]. The Defendant was sentenced on November 24, 2008 to 48 months imprisonment. [Doc. 56]. His conviction and sentenced were affirmed on direct appeal. [Doc. 71].

The Defendant now cites Flores-Figueroa v. United States, 556 U.S. 646, 129 S.Ct. 1886, 173 L.Ed.2d 853 (2009), as grounds pursuant to 18 U.S.C. §3582 to modify his sentence, claiming that the Government failed to prove that he knew that the stolen identification belonged to another person. The Defendant's admissions during his Rule 11 hearing defeat this claim. United States v. Agyepong, 388 F. App'x. 343, 346 (4th Cir. 2010); United States v. Singh, 364 F. App'x. 1 (4th Cir. 2010).

In addition , 18 U.S.C. §3582 is not a procedural device by which the Defendant may obtain such relief, if it were available. United States v. Fernandez-Cruz, 2009 WL 3488352 (D.Md. 2009) (noting §3582 provided no relief and notifying defendant that the motion might be recharacterized as a motion pursuant to 28 U.S.C. §2255). Since the Defendant presently has a

motion pursuant to §2255 pending, he may have a potential avenue for relief by seeking to file any appropriate motion in that proceeding.

On November 22, 2010, this Court denied the Defendant's Motion for: "Credit for Time Served in Confinement." [Doc. 80]. In addition to denying the relief sought because the Defendant had been detained in federal custody pursuant to a writ *ad prosequendum*, the Court noted that the Defendant had failed to exhaust his administrative remedies through the Bureau of Prisons (BOP). [Id.]. Now, almost two years later, the Defendant has renewed his motion, claiming that the BOP has denied him the relief he sought: credit against his federal sentence for time spent in state custody while he had been "borrowed" from state authorities pursuant to the writ *ad prosequendum*. [Doc. 82].

The Defendant seeks to attack the manner in which the BOP is executing his sentence. Such an action must be brought in the district in which the inmate is confined. Kanai v. McHugh, 638 F.3d 251 (4th Cir.), cert. denied __ U.S. __, 132 S.Ct. 381, 181 L.Ed.2d 240 (2011); Franklin v. United States, 72 F. App'x. 736 (10th Cir. 2003) (prisoner attacking computation of credit for time spent in detention pursuant to writ *ad prosequendum* must pursue same in district of confinement).

**IT IS, THEREFORE, ORDERED** that the Defendant's Motion to Modify an Imposed Term of Imprisonment [Doc. 81] and Motion to Correct Error [Doc. 82] are hereby **DENIED**.

Signed: September 18, 2012

Martin Reidinger
United States District Judge